1  Wendy M. Lazerson (SBN 97285)
   wlazerson@sidley.com
2  SIDLEY AUSTIN LLP
   1001 Page Mill Rd, Building 1
3  Palo Alto, CA 94304
   Telephone: (650) 565-7000
4  Facsimile: (650) 565-7100

5  Katherine A. Roberts (SBN 259486)
   kate.roberts@sidley.com
6  Abigail Hudson (SBN 327632)
   abigail.hudson@sidley.com
7  SIDLEY AUSTIN LLP
   555 West Fifth Street
8  Los Angeles, CA 90013
   Telephone: (213) 896-6000
9  Facsimile: (213) 896-6600

10 Attorneys for Defendants
   LIBERTY MUTUAL INSURANCE COMPANY
11 and LIBERTY MUTUAL GROUP INC.

12
                    UNITED STATES DISTRICT COURT
13
            NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION
14

| ALEX CHARALAMBOUS and BRIAN PULLEN, individually on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LIBERTY MUTUAL INSURANCE COMPANY, LIBERTY MUTUAL GROUP INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:22-cv-216<br><br>**NOTICE OF REMOVAL**<br><br>**JURY TRIAL DEMANDED**<br><br>[Filed concurrently with the declarations of Serena Wannemacher, Rebecca Ziman, Joyce Witham, Jessie Wigfall and Wendy Lazerson;; Notice of Pendency of Other Action, Certificateof Interested Parties, and Civil Cover Sheet]<br><br>(SUPERIOR COURT OF CALIFORNIA ALAMEDA COUNTY, CASE NO. 21CV000432)<br><br>Date Action Filed: October 15, 2021<br>Served: December 13, 2021 |
|---|---|

NOTICE OF REMOVAL – CASE NO. 3:22-CV-216

276414956

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendants Liberty Mutual Insurance Company and Liberty Mutual Group Inc. ("Defendants" or "Liberty Mutual") hereby remove the above captioned *Alex Charalambous and Brian Pullen v. Liberty Mutual Insurance Company and Liberty Mutual Group, Inc.,* Case No. 21CV000432 (the "State Court Action"), from the California Superior Court for the County of Alameda to this court, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453, and Federal Rules of Civil Procedure, Rule 81(c), on the grounds that the State Court Action, filed October 15, 2021, is removable. In support of this Notice of Removal, Defendants state the following:

## I.    REMOVAL JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

1. The Class Action Fairness Act ("CAFA") amended the diversity jurisdiction statute, 28 U.S.C. § 1332, by adding provisions that give federal courts original jurisdiction where the following factors are met:

   a. The aggregate amount in controversy exceeds $5,000,000;

   b. Any member of Plaintiff's proposed class is a citizen of a State different from any defendant or any member of the plaintiff class is a citizen or subject of a foreign state and any defendant is a citizen of a State ("minimal diversity");

   c. The primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief; and

   d. The number of members of Plaintiff's proposed class is 100 or more. 28 U.S.C. § 1332(d)(2); *see also Hart v. FedExGround Package Sys., Inc.*, 457 F.3d 675, 679 (7th Cir. 2006).

2. Under § 1453, a defendant may remove a class action to federal court in accordance with the requirements set forth in § 1446.

**A.    Minimal Diversity**

3. Plaintiff Alex Charalambous is a member of the putative class and is a citizen of the State of California. *See* Declaration of Serena Wannemacher ("Wannemacher Decl.") ¶ 5; FAC ¶ 5.

4. Plaintiff Brian Pullen is a member of the putative class and is a citizen of the State of California. *See* Wannemacher Decl. ¶ 6; FAC ¶ 6.

5. Defendant Liberty Mutual Insurance Company is a citizen of the Commonwealth of Massachusetts, which is its state of incorporation and state of its principal place of business. "Wannemacher Decl." ¶ 3; FAC ¶ 7.

6. Defendant Liberty Mutual Group Inc. is a citizen of the Commonwealth of Massachusetts, which is its state of incorporation and state of its principal place of business. Wannemacher Decl. ¶ 3; FAC ¶ 8.

7. Because Alex Charalambous and Brian Pullen are citizens of California, and Liberty Mutual Insurance Company and Liberty Mutual Group Inc. are citizens of Massachusetts, the minimal diversity requirement of the CAFA is met.

8. Additionally, Defendants are not a state, state official, or other government entity against whom the District Court may be foreclosed from ordering relief.

**B.  Class Size**

9. On or about October 15, 2021, Plaintiffs Alex Charalambous and Brian Pullen filed the State Court Action. On or about December 9, 2021, Plaintiffs filed their First Amended Complaint. Their First Amended Complaint ("FAC") alleged reimbursement claims on behalf of putative class of "[a]ll exempt and non-exempt employees of Liberty Mutual in California who incurred reasonable and necessary business expenses as a result of their performance of duties for Liberty Mutual during the applicable statute of limitations, including without limitation employees who incurred such expenses while working from home during the COVID-19 pandemic." FAC ¶ 15. Plaintiffs allege the statute of limitations reaches back four years before the filing of their Complaint. FAC ¶ 2.

10. Based on Defendants' employment records, the putative class at issue in the FAC consists of 2,597 members; thus, the numerosity requirement under the CAFA is met. *See* Wannemacher Decl. ¶ 9.

**C.  Amount in Controversy**

11. The aggregated amount in controversy for the putative class exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6) ("the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000"); *See* Wannemacher Decl. ¶ 18; Declaration of Wendy Lazerson ("Lazerson Decl.") ¶ 16.

12. The calculations relating to the value of the claims at issue in the lawsuit are based on Defendants' actual employment records showing the number of months each putative class member worked in California. *See* Wannemacher Decl. ¶ 10, 14. The total number of "work months" during those four years is 77,305. *See* Wannemacher Decl. ¶ 10. This period included the time between March 17, 2020 and July 12, 2021 when Liberty Mutual implemented a mandatory work from home policy for all but a small number of essential employees due to the COVID-19 pandemic. For purposes of this removal, Defendants are focusing their calculations on that 16-month period, when nearly all of their California employees were required to work from home. *See* Wannemacher Decl. ¶ 11. These calculations materially underestimate the amount in controversy in this case because Plaintiffs' FAC specifically states that their allegations include <u>but are not limited to</u> business expenses incurred during the COVID-19 pandemic. Accordingly, Plaintiffs have put at issue alleged damages between October 15, 2017 and March 17, 2020, and between July 12, 2021 and the date of this filing, a total of over 35 additional months, which clearly increases the amount in controversy beyond the calculations set forth in the declarations supporting this filing.

13. Plaintiffs have not yet alleged or disclosed information relating to the monetary value of the alleged unreimbursed expenses they are seeking. Although Defendants dispute Plaintiffs' claims, Defendants note for purposes of removal that Plaintiffs' Prayer for Relief is uncapped and seeks unlimited monetary and non-monetary relief, including compensatory damages, penalties and attorneys' fees. In absence of specificity in the FAC as to the amount of Plaintiffs' alleged damages, Defendants calculated the amount of alleged damages using conservative assumptions based upon the dollar value of the expenses normally alleged in similar putative class action lawsuits seeking reimbursement for business expenses, actual prices of inexpensive supplies and equipment Plaintiffs allege were not reimbursed, the average dollar amount Liberty Mutual approved reimbursements for

home internet expenses, Liberty Mutual's average real estate expenses throughout California, and conservative estimates for alleged penalties. *See* Lazerson Decl. ¶ 7-15; Wannemacher Decl. ¶ 18; Ziman Decl. ¶ 4-6; Wigfall Decl. ¶ 3-5.

14. Defendants also used conservative estimates regarding future attorney's fees claimed by Plaintiffs under the statutes at issue in this litigation, which add at least another $250,000 to the amount in controversy. *See* Lazerson Decl. ¶ 16; *Fritsch v. Swift Transp. Co. of Ariz.*, LLC, 899 F.3d 785, 794 (9th Cir. 2018) (holding that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount in controversy requirement is met"). Plaintiffs' FAC seeks attorneys' fees under the following statutes: California Labor Code Sections 2802, 2699, and 2699.3, and California Code of Civil Procedure Section 1021.5. *See* FAC. ¶ 27, 33.

**D.  CAFA Exceptions Are Not Applicable**

15. Further, while § 1332(d)(3) & (4) recognize situations where this court may or must decline jurisdiction even though the minimal diversity and amount in controversy requirements of § 1332(d)(2) are satisfied, this case does not fall into either category because Defendants are not citizens of California. *See* § 1332(d)(3) (discretionary declination of jurisdiction limited to situation where "the primary defendants are citizens of the state where the action was originally filed") and § 1332(d)(4)(A) (local controversy mandatory declination limited to where "at least one defendant is . . . a citizen of the State in which the class action was filed"); *see also* § 1332(d)(4)(B) (home state controversy mandatory declination limited to cases where "the primary defendants, are citizens of the State in which the action was originally filed"). Additionally, Plaintiffs shoulder the burden of establishing that any of these exceptions apply. *Hart*, 457 F.3d at 682 ("Our holding [is] that the plaintiff has the burden of persuasion on the question whether the home-state or local controversy exceptions apply."); *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007) (adopting this rule and citing *Hart*).

## TIMELINESS OF REMOVAL

16. Defendants' Notice of Removal is timely because (a) the case first became removable upon service of the FAC on December 13, 2021 and (b) this Notice is being filed within 30 days of such time. Lazerson Decl. ¶ 2, Exh. A.

**VENUE**

17. Venue is proper in the Northern District of California pursuant to § 1441(a) because the county in which the State Court Action was pending is found within this court's district.

**DEFENSES**

18. The removal of this action to the Northern District of California does not waive Defendants' ability to assert any defense in this action.

**PLEADINGS**

19. Pursuant to § 1446(a), a copy of all process, pleadings, and orders served on Defendants to date is attached as Exhibit A the Lazerson Declaration.

20. Attached as Exhibit B to the Lazerson Declaration is a true and correct copy of Defendants' Answer to the Plaintiffs' First Amended Complaint, filed in Alameda County Superior Court on January 10, 2021.

21. Attached as Exhibit C to the Lazerson Declaration of a receipt dated January 10, 2022, confirming the filing of Exhibit B.

22. Attached as Exhibit D to the Lazerson Declaration is a true and correct copy of the docket in *Alex Charalambous and Brian Pullen v. Liberty Mutual Insurance Company,* No. 21CV000432 (Super. Ct. Cal. filed Oct. 15, 2021) as of January 12, 2022.

**NOTICE TO PLAINTIFFS AND THE STATE COURT**

23. Pursuant to § 1446(d), in addition to serving a copy of this Notice of Removal on counsel for Plaintiffs, Defendants are filing in the Alameda County Superior Court and serving upon counsel for Plaintiffs a separate document entitled "Defendants' Notice of Filing a Notice of Removal to Federal Court."

//
//
//
//

Accordingly, Defendants respectfully request that the State Court Action be removed in its entirety to this Court.

DATED: January 12, 2022                    Respectfully submitted,

SIDLEY AUSTIN LLP

By: /s/ *Wendy Lazerson*

    Wendy Lazerson
    Katherine A. Roberts
    Abigail Hudson

    *Attorneys for Defendants*

276414956