# EXHIBIT A

Case 3:22-cv-00216-EMC    Document 1-6    Filed 01/12/22    Page 2 of 44



**null / ALL**
**Transmittal Number: 24196019**
**Date Processed: 12/14/2021**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Bruce Buttaro; Hm Office Lgl SOP Paralegal<br>Liberty Mutual Insurance Company<br>175 Berkeley St<br>Boston, MA 02116-5066 |

| | |
|---|---|
| **Entity:** | Liberty Mutual Insurance Company<br>Entity ID Number 1765547 |
| **Entity Served:** | Liberty Mutual Insurance Company |
| **Title of Action:** | Alex Charalambous vs. Liberty Mutual Insurance Company |
| **Matter Name/ID:** | Alex Charalambous vs. Liberty Mutual Group, Inc. and Liberty Mutual Ins. Co. (11634651) |
| **Document(s) Type:** | Summons and Amended Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Alameda County Superior Court, CA |
| **Case/Reference No:** | 21CV000432 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 12/13/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Clapp & Lauinger LLP<br>760-209-6565 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>LIBERTY MUTUAL INSURANCE COMPANY, LIBERTY MUTUAL GROUP INC., and DOES 1 through 10, inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>ALEX CHARALAMBOUS and BRIAN PULLEN, individually and on behalf of all others similarly situated | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*<br>**ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Alameda<br>**10/15/2021**<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Shabra Iyamu _____ Deputy |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Alameda County Superior Court- Oakland<br>1225 Fallon Street<br>Oakland, California 94612 | CASE NUMBER: *(Número del Caso):*<br>**21CV000432** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

James F. Clapp, Marita Lauinger, CLAPP & LAUINGER, LLP, 701 Palo~~mar Airport Rd.~~ Chad Finke, Executive Officer / Clerk of the Court

| DATE:<br>*(Fecha)* 10/15/2021 | Clerk, by<br>*(Secretario)* Shabra Iyamu | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: Liberty Mutual Insurance Company
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)        ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*:

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

For your protection and privacy, please press the Clear This Form button after you have printed the form.

 Print this form | Save this form | Clear this form

1    JAMES F. CLAPP (145814)
    jclapp@clapplegal.com
2    MARITA MURPHY LAUINGER (199242)
    mlauinger@clapplegal.com
3    CLAPP & LAUINGER LLP
    701 Palomar Airport Road, Suite 300
4    Carlsbad, California 92011
    Tel:   760-209-6565 ext. 101
5    Fax:  760-209-6565

6    Attorneys for Plaintiffs
    ALEX CHARALAMBOUS and BRIAN PULLEN
7

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**10/15/2021 at 03:49:01 PM**
By: Shabra Iyamu, Deputy Clerk

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           FOR THE COUNTY OF ALAMEDA - OAKLAND

10

11   ALEX CHARALAMBOUS and BRIAN     CASE NO.
    PULLEN, individually and on behalf of all
12   others similarly situated,                **CLASS ACTION COMPLAINT**

13            Plaintiffs,      **1. FAILURE TO INDEMNIFY FOR ALL**
                                  **NECESSARY BUSINESS EXPENSES**
14       v.                              **(CAL. LAB. CODE § 2802)**

15   LIBERTY MUTUAL INSURANCE       **2. VIOLATION OF CAL. BUS & PROF.**
    COMPANY, LIBERTY MUTUAL GROUP   **CODE § 17200**
16   INC., and DOES 1 through 10, inclusive,
                                Jury Trial Demanded
17           Defendants.

18

19        Plaintiffs Alex Charalambous and Brian Pullen, on behalf of themselves and all

20   others similarly situated complain and allege as follows:

21                          **INTRODUCTION**

22        1.     This is a class action under California Code of Civil Procedure § 382 seeking

23   reimbursement of all unreimbursed business expenses, interest, attorney's fees and costs on

24   behalf of current and former employees of Defendants Liberty Mutual Insurance Company,

25   Liberty Mutual Group Inc. and DOES 1-10, inclusive, who were not reimbursed for

26   necessary business expenses as a result of Defendants' violations of California Labor Code §

27   2802 in the last four years preceding the filing of this action.

28   ///

1

CLASS ACTION COMPLAINT

1    2.    The "Class Period" is the period from the date four years prior to filing of this

2  Complaint through the date notice is mailed to the Class.  The violations have been ongoing

3  prior to the filing of this action, are continuing at present, and will continue unless enjoined

4  by the Court.

5                    **JURISDICTION AND VENUE**

6    3.    This Court has jurisdiction over claims bought under the California Labor

7  Code.

8    4.    Venue is proper in this Court because Defendants operate offices and

9  branches within Alameda County, and some of the harms complained of herein occurred

10  within this County. Defendants have not designated a principal business office or

11  headquarters in California.

12                        **PARTIES**

13    5.    During the Class Period, Plaintiff Alex Charalambous was employed by

14  Defendants as a Senior Account Analyst within the State of California.

15    6.    During the Class Period, Plaintiff Brian Pullen was employed by Defendants

16  as an Underwriting Officer - Marine within the State of California.

17    7.    During the Class Period, Defendant Liberty Mutual Insurance Company is a

18  Massachusetts corporation with its principal place of business in Boston, Massachusetts.

19    8.    During the Class Period, Defendant Liberty Mutual Group Inc. is a

20  Massachusetts corporation with its principal place of business in Boston, Massachusetts.

21    9.    The true names and capacities of persons or entities, whether individual,

22  corporate, associate, or otherwise, sued herein as DOES 1 through 10, inclusive, are currently

23  unknown to Plaintiffs, and who therefore sue Defendants by such fictitious names under

24  Code of Civil Procedure § 474. Plaintiffs are informed and believe, and based thereon allege,

25  that each of the Defendants designated herein as a DOE is legally responsible in some

26  manner for the unlawful acts referred to herein.  Plaintiffs will seek leave of court to amend

27  this Complaint to reflect the true names and capacities of the Defendants designated

28  hereinafter as DOES when such identities become known.

10.     Defendants are collectively referred to herein as Defendants and/or Liberty Mutual.

11.     All of Plaintiffs' claims stated herein are asserted against Defendants and any of their owners, predecessors, successors, subsidiaries, and/or assigns.

## FACTUAL BACKGROUND

12.     Plaintiffs and similarly situated employees of Defendants were subject to common policies, practices and/or procedures regarding reimbursement of reasonable and necessary expenses, including expenses incurred while employees worked from home during the COVID-19 pandemic.

13.     Plaintiffs and similarly situated employees incurred reasonable and necessary business expenses, including expenses incurred while working from home during the COVID-19 pandemic, including without limitation: fees and charges for internet service, cellphone and/or telephone service, telecommunications equipment, cost of home office equipment (e.g., computers, printers, scanners, extra monitors, and headsets), office supplies, increased electricity and other utility bills, and the fair rental value of space occupied by the home office.

14.     Defendants knew or reasonably should have known that Plaintiffs and the Class were incurring such expenses but have failed to indemnify or reimburse Plaintiffs and similarly situated employees for these expenditures.

## CLASS ACTION ALLEGATIONS

15.     Plaintiffs bring this action, on behalf of themselves and all others similarly situated, as a class action pursuant to Code of Civil Procedure § 382. The "Class" that Plaintiffs seeks to represent is composed of and defined as follows:

> All exempt and non-exempt employees of Liberty Mutual in California who incurred reasonable and necessary business expenses as a result of their performance of duties for Liberty Mutual during the applicable statute of limitations, including without limitation employees who incurred such expenses while working from home during the COVID-19 pandemic.

///

3

16.      This action has been brought and may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation, the proposed Class is easily ascertainable, and Plaintiffs are proper representatives of the Class.

17.      Numerosity: The potential members of the proposed Class as defined are numerous and therefore joinder of all the members of the Class is impracticable. While the precise number of employees has not been determined at this time, Plaintiffs are informed and believe that Defendants have employed well over 1,000 Class members during the Class Period.

18.      Ascertainability: The Class is ascertainable in that its members can be identified and located using information contained in Defendants' payroll and personnel records.

19.      Commonality: There are questions of law and fact common to Plaintiffs and to the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to, the following: (a) Defendants' policies and practices for reimbursing business expenses incurred by employees, including those expenses incurred while employees are working from home; and (b) whether Plaintiffs and similarly situated employees incurred reasonable and necessary expenses as a consequence of performing duties for Defendants, including duties performed while working from home.

20.      Typicality: Plaintiffs' claims are typical of the claims of the Class members. Plaintiffs and the proposed Class members incurred unreimbursed business expenses arising out of and caused by Defendants' common course of conduct and policies in violation of the law as alleged herein, in similar ways and for the same types of expenses.

21.      Adequacy of Representation: Plaintiffs are a members of the proposed Class and will fairly and adequately protect the interests of the proposed Class members. Plaintiffs' interests do not conflict with those of the proposed Class members. Plaintiffs' counsel are competent and experienced in litigating wage and hour class actions and will

4

1 | devote sufficient time and resources to the case and otherwise adequately represent the
2 | proposed Class.

3 |      22.    Superiority of Class Action:  A class action is superior to other available
4 | means for the fair and efficient adjudication of this controversy, since individual joinder of
5 | all members of the proposed Class is impractical.  Class action treatment will permit a large
6 | number of similarly situated persons to prosecute their common claims in a single forum
7 | simultaneously, efficiently and without unnecessary duplication of effort and expense that
8 | numerous individual actions would engender.  Furthermore, the amounts suffered by each
9 | individual member of the proposed Class may be relatively small, the expenses and burden of
10 | individualized litigation would make it difficult or impossible for individuals of the Class to
11 | redress the wrongs done to them while an important public interest will be served by
12 | addressing the manner as a class action.  The cost to the court system of adjudication of such
13 | individualized litigation would be substantial.  Individualized litigation would also present
14 | the potential for inconsistent or contradictory judgments.

**FIRST CAUSE OF ACTION**
**Cal. Labor Code § 2802**
**(Failure to Reimburse Business Expenses)**

18 |      23.    Plaintiffs incorporates by reference the preceding paragraphs as fully set forth
19 | herein.

20 |      24.    Labor Code § 2802(a) provides: "An employer shall indemnify his or her
21 | employee for all necessary expenditures or losses incurred by the employee in direct
22 | consequence of the discharge of his or her duties."

23 |      25.    While discharging their duties for Defendants, Plaintiffs and similarly situated
24 | employees have incurred reasonable and necessary work-related expenses.  Such expenses
25 | include, but are not limited to, work-from-home expenses such as internet service charges,
26 | telephone service and equipment, cellphone service and equipment, home office equipment,
27 | office supplies, mileage for work related errands or travel, increased electric or other utility
28 | bills, as well as the fair rental value of home office space.

5

26.     Defendants knew or reasonably should have known that Plaintiffs and the Class were incurring such expenses but have failed to indemnify or reimburse Plaintiffs and similarly situated employees for these expenditures.  By requiring those employees to pay expenses they incurred in direct consequence of the discharge of their duties, Defendants have violated and continue to violate Labor Code § 2802.

27.     By unlawfully failing to indemnify Plaintiffs and similarly situated employees, Defendants are liable for reasonable attorneys' fees and costs under Labor Code § 2802(c).

### SECOND CAUSE OF ACTION
### Cal. Business & Professions Code § 17200
### (Violation of the Unfair Competition Law)

28.     Plaintiffs incorporate by reference the preceding paragraphs as fully set forth herein.

29.     Business & Professions Code § 17200, California's Unfair Competition Law ("UCL"), prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act of practice.  Business & Professions Code § 17204 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL.

30.     During the Class Period, Defendants have committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Business & Professions Code § 17200 by causing Plaintiffs and similarly situated employees to not be reimbursed for reasonable and necessary business expenses in violation of Labor Code § 2802.

31.     As a direct and proximate result of Defendants' unlawful business practices, Plaintiffs and similarly situated employees have suffered economic injuries including, but not limited to, unreimbursed business expenses and interest accrued thereon.

32.     Injunctive relief is necessary and appropriate to prevent Defendants from continuing and repeating their unlawful, unfair and fraudulent business acts and practices alleged above.

6

33.     Plaintiffs' success in this action will enforce important rights affecting the public interest.  Plaintiffs will incur a financial burden in pursuing this action in the public interest.   Therefore, an award of reasonable attorneys' fees to Plaintiffs is appropriate pursuant to Code of Civil Procedure § 1021.5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, as follows:

1.     For an order certifying the proposed Class and designating this action as a class action pursuant to Code Civ. Proc. § 382;

2.     For an order appointing Plaintiffs and their counsel to represent the proposed Class as defined herein;

3.     For compensatory damages according to proof;

4.     For an Order requiring Defendants to make restitution of all unreimbursed business-related expenses that Plaintiffs and the Class incurred;

5.     For interest according to proof;

6.     For reasonable attorneys' fees and costs; and,

7.     For such other relief the Court deems just and proper.


Dated:  October 15, 2021                    CLAPP & LAUINGER LLP

                                            _____
                                            JAMES F. CLAPP
                                            MARITA MURPHY LAUINGER
                                            Attorneys for Plaintiffs
                                            ALEX CHARALAMBOUS and BRIAN PULLEN

7

1      **DEMAND FOR JURY TRIAL**

2          Plaintiffs hereby demands a jury trial.

3      Dated:  October 15, 2021                    CLAPP & LAUINGER LLP

4

5          _____

6                                                 JAMES F. CLAPP
                                                  MARITA MURPHY LAUINGER
7                                                 Attorneys for Plaintiffs
                                                  ALEX CHARALAMBOUS and BRIAN PULLEN

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      8

CLASS ACTION COMPLAINT

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
James F. Clapp (145814)  Marita M. Lauinger (199242)
CLAPP & LAUINGER LLP, 701 Palomar Airport Road, Ste. 300, Carlsbad, CA 92011

TELEPHONE NO.: 760-209-6565    FAX NO. *(Optional):* 760-209-6565
E-MAIL ADDRESS: jclapp@clapplegal.com
ATTORNEY FOR *(Name):* Plaintiffs Charalambous and Pullen

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: René C. Davidson Courthouse

CASE NAME:
Charalambous and Pullen v. Liberty Mutual Insurance Company

**FOR COURT USE ONLY**

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
10/15/2021 at 03:49:01 PM
By: Shabra Iyamu, Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) / [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [x] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [x] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* (1) Cal. Lab. Code § 2802; (2) Cal. Bus. & Prof. Code § 17200.
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: October 15, 2021
Marita M. Lauinger
_____
(TYPE OR PRINT NAME)    ▶    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

*Unified Rules of the Superior Court of California, County of Alameda*

F. ADDENDUM TO CIVIL CASE COVER SHEET

Short Title:
Charalambous and Pullen v. Liberty Mutual Insurance

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda

**CIVIL CASE COVER SHEET ADDENDUM**

THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

06/16/2021 at 03:49:01 PM
By: Shabra Iyamu, Deputy Clerk

| | |
|---|---|
| [ X ] Oakland, Rene C. Davidson Alameda County Courthouse  (446) | [  ] Hayward Hall of Justice  (447)<br>[  ] Pleasanton, Gale-Schenone Hall of Justice  (448) |

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | | Alameda County Case Type (check only one) |
|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ]  34 | Auto tort (G) |
| | | | Is this an uninsured motorist case?  [  ] yes  [  ] no |
| Other PI /PD / WD Tort | Asbestos (04) | [ ]  75 | Asbestos (D) |
| | Product liability (24) | [ ]  89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ]  97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ]  33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ]  79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ]  80 | Civil rights (G) |
| | Defamation (13) | [ ]  84 | Defamation (G) |
| | Fraud (16) | [ ]  24 | Fraud (G) |
| | Intellectual property (19) | [ ]  87 | Intellectual property (G) |
| | Professional negligence (25) | [ ]  59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ]  03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ]  38 | Wrongful termination (G) |
| | Other employment (15) | [X]  85 | Other employment (G) |
| | | [ ]  53 | Labor comm award confirmation |
| | | [ ]  54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ]  04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ]  81 | Collections (G) |
| | Insurance coverage (18) | [ ]  86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ]  98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ]  18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ]  17 | Wrongful eviction (G) |
| | Other real property (26) | [ ]  36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ]  94 | Unlawful Detainer - commercial    Is the deft. in possession |
| | Residential (32) | [ ]  47 | Unlawful Detainer - residential    of the property? |
| | Drugs (38) | [ ]  21 | Unlawful detainer - drugs    [  ] Yes   [  ] No |
| Judicial Review | Asset forfeiture (05) | [ ]  41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ]  62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ]  49 | Writ of mandate |
| | | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [  ] Yes  [  ] No |
| | Other judicial review (39) | [ ]  64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ]  77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ]  82 | Construction defect |
| | Claims involving mass tort (40) | [ ]  78 | Claims involving mass tort |
| | Securities litigation (28) | [ ]  91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ]  93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ]  95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ]  19 | Enforcement of judgment |
| | | [ ]  08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ]  90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ]  88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ]  68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ]  06 | Change of name |
| | | [ ]  69 | Other petition |

202-19 (5/1/00)

A-13

1 JAMES F. CLAPP (145814)
jclapp@clapplegal.com

2 MARITA MURPHY LAUINGER (199242)
mlauinger@clapplegal.com

3 CLAPP & LAUINGER LLP
701 Palomar Airport Road, Suite 300

4 Carlsbad, California 92011
Tel:  760-209-6565 ext. 101

5 Fax:  760-209-6565

6 Attorneys for Plaintiffs
ALEX CHARALAMBOUS and BRIAN PULLEN

7

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
**12/09/2021**
Chad Finke, Executive Officer / Clerk of the Court
By:  _____Andrel Gospel_____  Deputy

8 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 FOR THE COUNTY OF ALAMEDA - OAKLAND

10

| | |
|---|---|
| 11 ALEX CHARALAMBOUS and BRIAN PULLEN, individually and on behalf of all others similarly situated,<br><br>12<br><br>13                Plaintiffs,<br><br>14     v.<br><br>15 LIBERTY MUTUAL INSURANCE COMPANY, LIBERTY MUTUAL GROUP<br>16 INC., and DOES 1 through 10, inclusive,<br><br>17           Defendants.<br><br>18<br><br>19<br><br>20 | CASE NO.   21CV000432<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**1. FAILURE TO INDEMNIFY FOR ALL NECESSARY BUSINESS EXPENSES (CAL. LAB. CODE § 2802)**<br><br>**2. VIOLATION OF CAL. BUS & PROF. CODE § 17200**<br><br>**3. LABOR CODE PRIVATE ATTORNEYS GENERAL ACT (CAL. LAB. CODE § 2698, ET SEQ.)**<br><br>Jury Trial Demanded |

21        Plaintiffs Alex Charalambous and Brian Pullen, on behalf of themselves and all

22 others similarly situated complain and allege as follows:

23                              **INTRODUCTION**

24        1.        This is a class action under California Code of Civil Procedure § 382 seeking

25 reimbursement of all unreimbursed business expenses, interest, attorney's fees and costs on

26 behalf of current and former employees of Defendants Liberty Mutual Insurance Company,

27 Liberty Mutual Group Inc. and DOES 1-10, inclusive, who were not reimbursed for

28 necessary business expenses as a result of Defendants' violations of California Labor Code

                                        1

§ 2802 in the last four years preceding the filing of this action.

2.     The "Class Period" is the period from the date four years prior to filing of this Complaint through the date notice is mailed to the Class. The violations have been ongoing prior to the filing of this action, are continuing at present, and will continue unless enjoined by the Court.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over claims bought under the California Labor Code.

4.     Venue is proper in this Court because Defendants operate offices and branches within Alameda County, and some of the harms complained of herein occurred within this County. Defendants have not designated a principal business office or headquarters in California.

## PARTIES

5.     During the Class Period, Plaintiff Alex Charalambous was employed by Defendants as a Senior Account Analyst within the State of California.

6.     During the Class Period, Plaintiff Brian Pullen was employed by Defendants as an Underwriting Officer - Marine within the State of California.

7.     During the Class Period, Defendant Liberty Mutual Insurance Company is a Massachusetts corporation with its principal place of business in Boston, Massachusetts.

8.     During the Class Period, Defendant Liberty Mutual Group Inc. is a Massachusetts corporation with its principal place of business in Boston, Massachusetts.

9.     The true names and capacities of persons or entities, whether individual, corporate, associate, or otherwise, sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiffs, and who therefore sue Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated

2

1   hereinafter as DOES when such identities become known.

2       10.    Defendants are collectively referred to herein as Defendants and/or Liberty

3   Mutual.

4       11.    All of Plaintiffs' claims stated herein are asserted against Defendants and any

5   of their owners, predecessors, successors, subsidiaries, and/or assigns.

6                              **FACTUAL BACKGROUND**

7       12.    Plaintiffs and similarly situated employees of Defendants were subject to

8   common policies, practices and/or procedures regarding reimbursement of reasonable and

9   necessary expenses, including expenses incurred while employees worked from home during

10  the COVID-19 pandemic.

11      13.    Plaintiffs and similarly situated employees incurred reasonable and necessary

12  business expenses, including expenses incurred while working from home during the

13  COVID-19 pandemic, including without limitation: fees and charges for internet service,

14  cellphone and/or telephone service, telecommunications equipment, cost of home office

15  equipment (e.g., computers, printers, scanners, extra monitors, and headsets), office supplies,

16  increased electricity and other utility bills, and the fair rental value of space occupied by the

17  home office.

18      14.    Defendants knew or reasonably should have known that Plaintiffs and the

19  Class were incurring such expenses but have failed to indemnify or reimburse Plaintiffs and

20  similarly situated employees for these expenditures.

21                          **CLASS ACTION ALLEGATIONS**

22      15.    Plaintiffs bring this action, on behalf of themselves and all others similarly

23  situated, as a class action pursuant to Code of Civil Procedure § 382.  The "Class" that

24  Plaintiffs seeks to represent is composed of and defined as follows:

25      All exempt and non-exempt employees of Liberty Mutual in California who
        incurred reasonable and necessary business expenses as a result of their
26      performance of duties for Liberty Mutual during the applicable statute of
        limitations, including without limitation employees who incurred such expenses
27      while working from home during the COVID-19 pandemic.

28

                                        3

16.     This action has been brought and may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation, the proposed Class is easily ascertainable, and Plaintiffs are proper representatives of the Class.

17.     Numerosity:   The potential members of the proposed Class as defined are numerous and therefore joinder of all the members of the Class is impracticable. While the precise number of employees has not been determined at this time, Plaintiffs are informed and believe that Defendants have employed well over 1,000 Class members during the Class Period.

18.     Ascertainability:   The Class is ascertainable in that its members can be identified and located using information contained in Defendants' payroll and personnel records.

19.     Commonality:  There are questions of law and fact common to Plaintiffs and to the Class that predominate over any questions affecting only individual members of the Class.   These common questions of law and fact include, but are not limited to, the following: (a) Defendants' policies and practices for reimbursing business expenses incurred by employees, including those expenses incurred while employees are working from home; and (b) whether Plaintiffs and similarly situated employees incurred reasonable and necessary expenses as a consequence of performing duties for Defendants, including duties performed while working from home.

20.     Typicality:  Plaintiffs' claims are typical of the claims of the Class members. Plaintiffs and the proposed Class members incurred unreimbursed business expenses arising out of and caused by Defendants' common course of conduct and policies in violation of the law as alleged herein, in similar ways and for the same types of expenses.

21.     Adequacy of Representation:  Plaintiffs are a members of the proposed Class and will fairly and adequately protect the interests of the proposed Class members. Plaintiffs' interests do not conflict with those of the proposed Class members.  Plaintiffs' counsel are competent and experienced in litigating wage and hour class actions and will

4

1  devote sufficient time and resources to the case and otherwise adequately represent the
2  proposed Class.

3      22.      Superiority of Class Action:    A class action is superior to other available
4  means for the fair and efficient adjudication of this controversy, since individual joinder of
5  all members of the proposed Class is impractical.  Class action treatment will permit a large
6  number of similarly situated persons to prosecute their common claims in a single forum
7  simultaneously, efficiently and without unnecessary duplication of effort and expense that
8  numerous individual actions would engender.  Furthermore, the amounts suffered by each
9  individual member of the proposed Class may be relatively small, the expenses and burden of
10 individualized litigation would make it difficult or impossible for individuals of the Class to
11 redress the wrongs done to them while an important public interest will be served by
12 addressing the manner as a class action.  The cost to the court system of adjudication of such
13 individualized litigation would be substantial.  Individualized litigation would also present
14 the potential for inconsistent or contradictory judgments.

15
16                    **FIRST CAUSE OF ACTION**
                      **Cal. Labor Code § 2802**
17          **(Failure to Reimburse Business Expenses)**

18     23.      Plaintiffs incorporates by reference the preceding paragraphs as fully set forth
19 herein.

20     24.      Labor Code § 2802(a) provides: "An employer shall indemnify his or her
21 employee for all necessary expenditures or losses incurred by the employee in direct
22 consequence of the discharge of his or her duties."

23     25.      While discharging their duties for Defendants, Plaintiffs and similarly situated
24 employees have incurred reasonable and necessary work-related expenses.  Such expenses
25 include, but are not limited to, work-from-home expenses such as internet service charges,
26 telephone service and equipment, cellphone service and equipment, home office equipment,
27 office supplies, mileage for work related errands or travel, increased electric or other utility
28 bills, as well as the fair rental value of home office space.

5

1        26.    Defendants knew or reasonably should have known that Plaintiffs and the

2 Class were incurring such expenses but have failed to indemnify or reimburse Plaintiffs and

3 similarly situated employees for these expenditures. By requiring those employees to pay

4 expenses they incurred in direct consequence of the discharge of their duties, Defendants

5 have violated and continue to violate Labor Code § 2802.

6        27.    By unlawfully failing to indemnify Plaintiffs and similarly situated

7 employees, Defendants are liable for reasonable attorneys' fees and costs under Labor Code

8 § 2802(c).

**SECOND CAUSE OF ACTION**
9 **Cal. Business & Professions Code § 17200**
**(Violation of the Unfair Competition Law)**
10

11        28.    Plaintiffs incorporate by reference the preceding paragraphs as fully set forth

12 herein.

13        29.    Business & Professions Code § 17200, California's Unfair Competition Law

14 ("UCL"), prohibits unfair competition in the form of any unlawful, unfair, or fraudulent

15 business act of practice. Business & Professions Code § 17204 allows "any person who has

16 suffered injury in fact and has lost money or property" to prosecute a civil action for

17 violation of the UCL.

18        30.    During the Class Period, Defendants have committed unlawful, unfair, and/or

19 fraudulent business acts and practices as defined by Business & Professions Code § 17200 by

20 causing Plaintiffs and similarly situated employees to not be reimbursed for reasonable and

21 necessary business expenses in violation of Labor Code § 2802.

22        31.    As a direct and proximate result of Defendants' unlawful business practices,

23 Plaintiffs and similarly situated employees have suffered economic injuries including, but not

24 limited to, unreimbursed business expenses and interest accrued thereon.

25        32.    Injunctive relief is necessary and appropriate to prevent Defendants from

26 continuing and repeating their unlawful, unfair and fraudulent business acts and practices

27 alleged above.

28        33.    Plaintiffs' success in this action will enforce important rights affecting the

6

FIRST AMENDED CLASS ACTION COMPLAINT                           **21CV000432**

1  public interest. Plaintiffs will incur a financial burden in pursuing this action in the public

2  interest. Therefore, an award of reasonable attorneys' fees to Plaintiffs is appropriate

3  pursuant to Code of Civil Procedure § 1021.5.

4
                      **THIRD CAUSE OF ACTION**
                   **Labor Code Private Attorneys General Act**
5                       **(Cal. Lab. Code § 2698, et seq.)**

6      34.    Plaintiffs incorporate by reference the preceding paragraphs as fully set forth

7  herein.

8      35.    As alleged above, Defendants failed to comply with the California Labor

9  Code. As such, Plaintiff Charalambous is an "aggrieved employee" as defined in Labor Code

10 § 2699(a). Pursuant to Labor Code § 2699, the Labor Code Private Attorneys General Act of

11 2004, Plaintiff Charalambous brings this action on behalf of himself and other current and

12 former exempt and non-exempt employees of Liberty Mutual in California who incurred

13 reasonable and necessary business expenses as a result of their performance of duties for

14 Liberty Mutual and seeks recovery of applicable civil penalties in accordance with Cal. Lab.

15 Code § 2699 and § 2802.

16     36.    On October 4, 2021, Plaintiff served written notice via electronic submission

17 to the Labor and Workforce Development Agency ("LWDA") and via certified mail to

18 Defendants Liberty Mutual Insurance Company and Liberty Mutual Group Inc. of his intent

19 to amend his complaint to add a cause of action pursuant to Labor Code § 2699, et seq.

20     37.    The LWDA did not respond to the notice or amended notice within the time

21 provided by Labor Code § 2699.3.

22                              **PRAYER FOR RELIEF**

23     WHEREFORE, Plaintiffs pray for judgment against Defendants, as follows:

24     1.     For an order certifying the proposed Class and designating this action as a

25 class action pursuant to Code Civ. Proc. § 382;

26     2.     For an order appointing Plaintiffs and their counsel to represent the proposed

27 Class as defined herein;

28     3.     For compensatory damages according to proof;

                                    7

FIRST AMENDED CLASS ACTION COMPLAINT                              21CV000432

4.     For an Order requiring Defendants to make restitution of all unreimbursed business-related expenses that Plaintiffs and the Class incurred;

5.     For penalties alleged herein;

6.     For interest according to proof;

7.     For reasonable attorneys' fees and costs; and,

8.     For such other relief the Court deems just and proper.

Dated: December 9, 2021              CLAPP & LAUINGER LLP

_____

JAMES F. CLAPP
MARITA MURPHY LAUINGER
Attorneys for Plaintiffs
ALEX CHARALAMBOUS and BRIAN PULLEN

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial.

Dated: December 9, 2021              CLAPP & LAUINGER LLP

_____

JAMES F. CLAPP
MARITA MURPHY LAUINGER
Attorneys for Plaintiffs
ALEX CHARALAMBOUS and BRIAN PULLEN

8

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Rene C. Davidson Courthouse 1225 Fallon Street, Oakland, CA 94612 | **FILED** Superior Court of California County of Alameda 10/15/2021 Clad Fhke Executive Officer / Clerk of the Court By: _S. Iyamu_  Deputy S. Iyamu |
| PLAINTIFF: Alex Charalambous et al | |
| DEFENDANT: Liberty Mutual Insurance Company et al | |
| NOTICE OF CASE MANAGEMENT CONFERENCE | CASE NUMBER: 21CV000432 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

| | |
|---|---|
| Date: 02/14/2022    Time: 8:30 AM    Dept.: 19 | |
| Location: Rene C. Davidson Courthouse Administration Building, 1221 Oak Street, Oakland, CA 94612 | |

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA CIV-100 [Rev. 10/2021]

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>10/15/2021<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _S. Iyamu_ Deputy<br>S. Iyamu |
| PLAINTIFF/PETITIONER:<br>Alex Charalambous  et al | |
| DEFENDANT/RESPONDENT:<br>Liberty Mutual Insurance Company et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21CV000432 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Chad Finke, Executive Officer / Clerk of the Court

Dated: 10/19/2021

By:

Chad Finke, Executive Officer / Clerk of the Court

S. Iyamu, Deputy Clerk

**CERTIFICATE OF MAILING**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br><br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br><br>11/12/2021<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>Angel Logan |
| PLAINTIFF:<br>Alex Charalambous  et al | |
| DEFENDANT:<br>Liberty Mutual Insurance Company et al | |
| **NOTICE OF CASE RESCHEDULING OR RELOCATION** | CASE NUMBER:<br>21CV000432 |

TO THE PARTIES:

You are hereby notified that the above-entitled matter, previously set for hearing in:

Rene C. Davidson Courthouse _____ on 11/15/2021 ____ at 8:30 AM in Department 19

has been rescheduled, or relocated, as follows:

Rene C. Davidson Courthouse _____ on 11/16/2021 ____ at 10:00 AM in Department 21

Chad Finke, Executive Officer / Clerk of the Court

Dated: 11/12/2021 _____          By Angel Logan _____
                                        Deputy Clerk

**NOTICE OF CASE RESCHEDULING OR RELOCATION**

09/17

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>11/12/2021<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>Angel Logan |
| PLAINTIFF/PETITIONER:<br>Alex Charalambous  et al | |
| DEFENDANT/RESPONDENT:<br>Liberty Mutual Insurance Company et al | |
| CERTIFICATE OF ELECTRONIC SERVICE CODE OF CIVIL PROCEDURE 1010.6 | CASE NUMBER:<br>21CV000432 |

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served one copy of the Notice of Case Rescheduling or Relocation entered herein upon each party or counsel of record in the above entitled action, by electronically serving the document(s) from my place of business, in accordance with standard court practices.


Marita Murphy Lauinger
Clapp & Lauinger LLP
mlauinger@clapplegal.com


Chad Finke, Executive Officer / Clerk of the Court

Dated: 11/12/2021                    By:

Angel Logan, Deputy Clerk


CERTIFICATE OF ELECTRONIC SERVICE
CODE OF CIVIL PROCEDURE 1010.6

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
11/09/2021 at 04:12:47 PM
By: Andrei Gospel, Deputy Clerk

1    JAMES F. CLAPP (145814)
     jclapp@clapplegal.com
2    MARITA MURPHY LAUINGER (199242)
     mlauinger@clapplegal.com
3    CLAPP & LAUINGER LLP
     701 Palomar Airport Road, Suite 300
4    Carlsbad, California 92011
     Tel: 760-209-6565 ext. 101
5    Fax: 760-209-6565

6    Attorneys for Plaintiffs
     ALEX CHARALAMBOUS and BRIAN PULLEN

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            FOR THE COUNTY OF ALAMEDA - OAKLAND

10

11    ALEX CHARALAMBOUS and BRIAN      CASE NO. 21CV000432
     PULLEN, individually and on behalf of all
12    others similarly situated,            **PLAINTIFFS' COMPEX**
                             **DETERMINATION STATEMENT**
13            Plaintiffs,

14         v.                          DATE: November 15, 2021
                                  TIME: 8:30 a.m.
15    LIBERTY MUTUAL INSURANCE       DEPT: 19
     COMPANY, LIBERTY MUTUAL GROUP
16    INC., and DOES 1 through 10, inclusive,     Hon. Stephen D. Kaus

17            Defendants.

18

19         On October 15, 2021, plaintiffs Alex Charalambous and Brian Pullen filed their class

20 action complaint alleging their employers, defendants Mutual Liberty Insurance Company

21 and Liberty Mutual Group, Inc., failed to reimburse them and others similarly situated for

22 reasonable and necessary business expenses incurred as a result of the performance of their

23 job duties in violation of Labor Code § 2802 and Business & Professions Code § 17200.

24         Additionally, on October 4, 2021, plaintiff Alex Charalambous electronically

25 submitted a notice to the Labor and Workforce Development Agency (LWDA) in accordance

26 with Labor Code § 2699.3 alleging civil penalties pursuant to the Labor Code Private

27 Attorneys General Act of 2004, Labor Code § 2698, et seq. (PAGA) for defendants' violation

28 of Labor Code § 2802. The LWDA has until December 7, 2021 to notify plaintiff

1

1   Charalambous and defendants if it intends to investigate the alleged violation. (Lab. Code §
2   2699.3 (a)(2)(A) and (B).) If the LWDA does not notify the parties of its intention to
3   investigate, plaintiff Charalambous intends to amend the complaint to add a cause of action
4   under PAGA. For this reason, plaintiffs have not yet served their complaint and defendants
5   have not appeared.

6       Plaintiffs understand the Court may wish to continue the Complex Designation
7   Hearing for 60 days until after defendants have appeared. In the event the Court wants to rule
8   on the issues now, plaintiffs request this action be deemed complex. This will be both a class
9   action and a PAGA action alleging a large California employer violated Labor Code § 2802.
10  Liberty Mutual employs hundreds of employees throughout California who were required to
11  bear the cost of working from home, including expenses such as home office equipment,
12  phones, internet service, cellphone and landline service, office supplies, utilities, home office
13  space, as well as other business-related expenses without being fully reimbursed by Liberty
14  Mutual.

15      This action is provisionally complex because it involves a class action. (Cal. Rules of
16  Court, rule 3.400(c)(6).) This action also presents several of the factors set forth in California
17  Rules of Court, rule 3.400(b), including potentially numerous pretrial motions raising
18  difficult or novel legal issues. There will be a motion for class certification as well as
19  litigation over the trial plan, both of which will be time-consuming to resolve. The case
20  presents novel legal issues, which include: what is a California employer's obligation to
21  reimburse employees for business expenses in light of unprecedented work from home orders
22  during a global pandemic and whether the pandemic creates some type of privilege or excuse
23  that allows employers to require employees to work from home without paying their
24  expenses. No court has decided these issues that implicate both Labor Code § 2802 and the
25  availability of penalties under PAGA. Additionally, there will likely be a large number of
26  witnesses and a substantial amount of documentary evidence, as well as likely litigation over
27  the scope of discovery. As this is a class action and a PAGA representative action, it will
28  likely involve substantial post-judgment judicial supervision.

Dated: November 9, 2021

CLAPP & LAUINGER LLP

_(signature)_

JAMES F. CLAPP
MARITA MURPHY LAUINGER
Attorneys for Plaintiffs
ALEX CHARALAMBOUS and BRIAN PULLEN

3



# Superior Court of California, County of Alameda
# Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:
>
> - Indicating your preference on Case Management Form CM-110;
>
> - Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or
>
> - Agree to ADR at your Initial Case Management Conference.
>
> **QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
> Or visit the court's website at http://www.alameda.courts.ca.gov/adr

## What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

## What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

## What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

    o **Court Mediation Program**: Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

- o **Private Mediation**: This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

  - o **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

  - o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

## Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA 94702-1612
Telephone: (510) 548-2377    Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – Services that Encourage Effective Dialogue and Solution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035    Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100    Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

ALA ADR-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:          FAX NO. *(Optional):* <br> E-MAIL ADDRESS *(Optional):* <br> ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY

STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS | CASE NUMBER: |
|---|---|

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 24405 Amador Street, Hayward, CA 94544 or Fax to (510) 267-5727.

1.   Date complaint filed: _____. An **Initial Case Management Conference** is scheduled for:

     Date:                          Time:                          Department:

2.   Counsel and all parties certify they have met and conferred and have selected the following ADR process (*check one*):

     ☐ Court mediation          ☐ Judicial arbitration
     ☐ Private mediation        ☐ Private arbitration

3.   All parties agree to complete ADR within 90 days and certify that:

     a.   No party to the case has requested a complex civil litigation determination hearing;
     b.   All parties have been served and intend to submit to the jurisdiction of the court;
     c.   All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
     d.   Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
     e.   Case management statements are submitted with this stipulation;
     f.   All parties will attend ADR conferences; and
     g.   The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ► _____
         (TYPE OR PRINT NAME)                              (SIGNATURE OF PLAINTIFF)

Date:

_____          ► _____

Page 1 of 2

| **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | Cal. Rules of Court, <br> rule 3.221(a)(4)

(TYPE OR PRINT NAME)                    (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

**ALA ADR-001**

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____    ▶ _____
(TYPE OR PRINT NAME)            (SIGNATURE OF DEFENDANT)

Date:

_____    ▶ _____
(TYPE OR PRINT NAME)            (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse, Department 21

## JUDICIAL OFFICER: HONORABLE EVELIO GRILLO

Courtroom Clerk: Reshma Mishra                                    CSR: None

**21CV000432**                                              November 16, 2021
                                                                  10:00 AM

**CHARALAMBOUS, et al.**
 **vs**
**LIBERTY MUTUAL INSURANCE COMPANY, et al.**

## MINUTES

**APPEARANCES:**

No Appearances

**NATURE OF PROCEEDINGS: Complex Determination Hearing**

COMPLEX DETERMINATION

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules
of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning
complex litigation, including Rule 3.250 et seq. An order assigning the case to a judge and an
initial case management order will be issued.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the
action but has not paid the complex case fee is required to pay the fee within ten days of the
filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs
appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other
adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse
parties. All payments must identify on whose behalf the fee is submitted. Please submit payment
to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C.
Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to
the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local
Rule 1.9. Note that for those admitted pro hac vice, there is also an annual fee. (Gov't Code
section 70617.)

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at
http://www.alameda.courts.ca.gov/domainweb/. All counsel are expected to be familiar and to
comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court,
the Alameda County Superior Court Local Rules and the procedures outlined on the domain web

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

page of the assigned department.

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Alameda Superior Court, within 10 days of service of this order.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

Chad Finke, Executive Officer / Clerk of the Court

By:      R. Mishra, Deputy Clerk

Minutes of: 11/16/2021
Entered on: 11/16/2021

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

| | |
|---|---|
| Alex Charalambous  et al<br>          Plaintiff/Petitioner(s)<br>vs.<br>Liberty Mutual Insurance Company et al<br>          Defendant/Respondent(s) | No.      21CV000432<br><br>Date:    11/16/2021<br>Time:    10:00 AM<br>Dept:    21<br>Judge:   Evelio Grillo<br><br>ORDER re: Complex Determination<br><br>Hearing |

COMPLEX DETERMINATION

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to a judge and an initial case management order will be issued.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9. Note that for those admitted pro hac vice, there is also an annual fee. (Gov't Code section 70617.)

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department.

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Alameda Superior Court, within 10 days of service of this order.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

Dated: 11/16/2021

Evelio Grillo / Judge

---

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>CLAPP & LAUINGER LLP<br>James F. Clapp, Esq. (SBN 145814); Marita Murphy Lauinger, Esq. (SBN 199242)<br>701 Palomar Airport Road, Suite 300<br>Carlsbad, California 92011<br>TELEPHONE NO.: (760) 209-6565    FAX NO. *(Optional):* (760) 209-6565<br>E-MAIL ADDRESS *(Optional):* jclapp@clapplegal.com; mlauinger@clapplegal.com<br>ATTORNEY FOR *(Name):* Plaintiffs ALEX CHARALAMBOUS and BRIAN PULLEN | **To keep other people from seeing what you entered on your form, please press the** *~~Clear This Form~~* **button at the end of the form when finished.**<br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>12/14/2021 at 05:44:42 PM<br>By: Curtiyah Ganter, Deputy Clerk |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA<br>STREET ADDRESS: 1225 Fallon Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Oakland, California 94612<br>BRANCH NAME: RENE C. DAVIDSON COURTHOUSE | |

| | |
|---|---|
| PLAINTIFF/PETITIONER: ALEX CHARALAMBOUS and BRIAN PULLEN, etc.<br><br>DEFENDANT/RESPONDENT: LIBERTY MUTUAL INSURANCE COMPANY, et al. | CASE NUMBER:<br>21CV000432 |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>2015555L |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✔] summons
   b. [✔] complaint
   c. [✔] Alternative Dispute Resolution (ADR) package
   d. [✔] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✔] other *(specify documents):* First Amended Class Action Complaint; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Management Conference; Notice of Case Rescheduling or Relocation; Plaintiff's Complex Determination Statement
3. a. Party served *(specify name of party as shown on documents served):*
      LIBERTY MUTUAL GROUP INC.

   b. [✔] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      CSC Lawyers Incorporating Service, Inc., Agent for Service of Process by serving Lai Saevang, Customer Service Liaison
4. Address where the party was served:
   2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833
5. I served the party *(check proper box)*
   a. [✔] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 12/13/2021    (2) at *(time):* 11:28 a.m.
   b. [ ] **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* from *(city):* or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER:  ALEX CHARALAMBOUS and BRIAN PULLEN, etc. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  LIBERTY MUTUAL INSURANCE COMPANY, et al. | 21CV000432 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

     (1)  on *(date):*            (2)  from *(city):*

     (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me.  *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

     (4)  ☐  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section):*

     ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  ☐  as an individual defendant.
  b.  ☐  as the person sued under the fictitious name of *(specify):*
  c.  ☐  as occupant.
  d.  ☑  On behalf of *(specify):*  LIBERTY MUTUAL GROUP INC.
     under the following Code of Civil Procedure section:

| | | |
|---|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) | |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) | |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) | |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) | |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) | |
| | ☐ other: | |

7.  **Person who served papers**
  a.  Name:  Angela Soto, Ace Attorney Service, Inc.
  b.  Address:  901 F Street, Suite 150, Sacramento, California 95814
  c.  Telephone number:  (916) 447-4000
  d.  **The fee** for service was:  $ 51.00
  e.  I am:
     (1)  ☑  not a registered California process server.
     (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
     (3)  ☐  a registered California process server:
        (i)  ☐  owner  ☐  employee  ☐  independent contractor.
        (ii)  Registration No.:
        (iii)  County:

8.  ☑  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:  December 14, 2021

ANGELA SOTO
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶                                            
(SIGNATURE )

**PROOF OF SERVICE OF SUMMONS**

**Print This Form**         For your protection and privacy, please press the Clear This Form button after you have printed the form.         **Clear This Form**

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
CLAPP & LAUINGER LLP
James F. Clapp, Esq. (SBN 145814); Marita Murphy Lauinger, Esq. (SBN 199242)
701 Palomar Airport Road, Suite 300
Carlsbad, California 92011
TELEPHONE NO.: (760) 209-6565    FAX NO. *(Optional):* (760) 209-6565
E-MAIL ADDRESS *(Optional):* jclapp@clapplegal.com; mlauinger@clapplegal.com
ATTORNEY FOR *(Name):* Plaintiffs ALEX CHARALAMBOUS and BRIAN PULLEN

To keep other people from seeing what you entered on your form, please press the Clear This Form button at the end of the form when finished.

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**12/14/2021 at 05:44:42 PM**
By: Curtiyah Ganter, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: RENE C. DAVIDSON COURTHOUSE

PLAINTIFF/PETITIONER: ALEX CHARALAMBOUS and BRIAN PULLEN, etc.

DEFENDANT/RESPONDENT: LIBERTY MUTUAL INSURANCE COMPANY, et al.

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | CASE NUMBER: 21CV000432 |
| | Ref. No. or File No.: 2015554L |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ✔ summons
   b. ✔ complaint
   c. ✔ Alternative Dispute Resolution (ADR) package
   d. ✔ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ✔ other *(specify documents):* First Amended Class Action Complaint; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Management Conference; Notice of Case Rescheduling or Relocation; Plaintiff's Complex Determination Statement

3. a. Party served *(specify name of party as shown on documents served):*
      LIBERTY MUTUAL INSURANCE COMPANY

   b. ✔ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      CSC Lawyers Incorporating Service, Inc., Agent for Service of Process by serving Lai Saevang, Customer Service Liaison

4. Address where the party was served:
   2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833
5. I served the party *(check proper box)*
   a. ✔ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 12/13/2021    (2) at *(time):* 11:28 a.m.
   b. ☐ **by substituted service.** On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: ALEX CHARALAMBOUS and BRIAN PULLEN, etc. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: LIBERTY MUTUAL INSURANCE COMPANY, et al. | 21CV000432 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*     (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):* LIBERTY MUTUAL INSURANCE COMPANY
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)     ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)     ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)     ☐ 415.46 (occupant)
        ☐ other:

7. **Person who served papers**
  a. Name: Angela Soto, Ace Attorney Service, Inc.
  b. Address: 901 F Street, Suite 150, Sacramento, California 95814
  c. Telephone number: (916) 447-4000
  d. **The fee** for service was: $ 137.04
  e. I am:

    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
       (i) ☐ owner ☐ employee ☐ independent contractor.
       (ii) Registration No.:
       (iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: December 14, 2021

ANGELA SOTO
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *(signature)*
(SIGNATURE )

| Print This Form | For your protection and privacy, please press the Clear This Form button after you have printed the form. | Clear This Form |
|---|---|---|

1   JAMES F. CLAPP (145814)
    jclapp@clapplegal.com
2   MARITA MURPHY LAUINGER (199242)
    mlauinger@clapplegal.com
3   CLAPP & LAUINGER LLP
    701 Palomar Airport Road, Suite 300
4   Carlsbad, California 92011
    Tel:  760-209-6565 ext. 101
5   Fax:  760-209-6565

6   Attorneys for Plaintiffs
    ALEX CHARALAMBOUS and BRIAN PULLEN
7

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**12/20/2021 at 03:20:13 PM**
By: Andrei Gospel, Deputy Clerk

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       FOR THE COUNTY OF ALAMEDA - OAKLAND

10

11  ALEX CHARALAMBOUS and BRIAN         CASE NO.   21CV000432
    PULLEN, individually and on behalf of all
12  others similarly situated,          PROOF OF SERVICE ON ORDER RE:
                                        COMPLEX DETERMINATION HEARING
13              Plaintiffs,

14       v.

15  LIBERTY MUTUAL INSURANCE
    COMPANY, LIBERTY MUTUAL GROUP
16  INC., and DOES 1 through 10, inclusive,

17              Defendants.

18

19

20

21

22

23

24

25

26

27

28

                                    1

## PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

      I am over the age of 18 and not a party to the within action; I am employed by Clapp & Lauinger LLP, 701 Palomar Airport Road, Suite 300, Carlsbad, California 92011.

      On December 14, 2021, I served the foregoing document(s) described as **ORDER RE: COMPLEX DETERMINATION HEARING**

☒    by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached service list;

☐    by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

SEE ATTACHED SERVICE LIST

☒    **(BY MAIL)** I placed said envelope(s) for collection and mailing, following ordinary business practices, at the business offices of CLAPP & LAUINGER LLP, and addressed as shown on the attached service list, for deposit in the United States Postal Service.  I am readily familiar with the practice of CLAPP & LAUINGER LLP for collection and processing correspondence for mailing with the United States Postal Service, and said envelope(s) will be deposited with the United States Postal Service on said date in the ordinary course of business.

☐    **(BY ELECTRONIC SERVICE)** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address listed above.

☐    **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

☐    **(BY PERSONAL SERVICE)** I delivered such envelope(s) by hand to the offices of the addressee(s).

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

      Executed December 14, 2021 at Carlsbad, California.

                                          _____

                         Teri L. Zaayer

## SERVICE LIST

Liberty Mutual Insurance Company
c/o Agent for Service of Process
CSC Lawyers Incorporating Service
2710 Gateway Oaks Dr. Suite 150N
Sacramento, CA 95833

Liberty Mutual Group Inc
c/o Agent for Service of Process
CSC Lawyers Incorporating Service
2710 Gateway Oaks Dr. Suite 150N
Sacramento, CA 95833