JAMES F. CLAPP (145814)
jclapp@clapplegal.com
MARITA MURPHY LAUINGER (199242)
mlauinger@clapplegal.com
CLAPP & LAUINGER LLP
701 Palomar Airport Road, Suite 300
Carlsbad, California 92011
Tel:   760-209-6565 ext. 101
Fax:   760-209-6565

Attorneys for Plaintiffs
ALEX CHARALAMBOUS and BRIAN PULLEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX CHARALAMBOUS and BRIAN PULLEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY, LIBERTY MUTUAL GROUP INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.   3:22-cv-00216-EMC<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT**<br><br>DATE:    August 22, 2024<br>TIME:     1:30 p.m.<br><br>Judge:    Hon. Edward M. Chen<br>Courtroom: 5, 17th Floor |

1

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT on August 22, 2024 at 1:30 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Hon. Edward M. Chen, United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, in Courtroom 5 on the 17th Floor, Plaintiffs Alex Charalambous and Brian Pullen will and hereby do move the Court for final approval of the proposed class action settlement. Specifically, Plaintiffs respectfully request that the Court (1) grant final approval of the proposed class action settlement adjudging the terms of the settlement to be fair reasonable and adequate and directing that its terms and provisions be carried out; and (2) approve the settlement administrator's payment. To be heard with this motion is Plaintiffs' separate motion requesting that the Court (1) approve the payment of a service enhancement to each of the named plaintiffs; and (2) approve payment of class counsel's fees and costs.

Plaintiffs make this motion on the grounds that the proposed settlement is fair, reasonable and adequate. This motion is based upon this Notice of Motion and Motion for Final Approval of Class Action Settlement, the Memorandum of Points and Authorities in Support Thereof, the Declaration of Nathalie Hernandez on behalf of ILYM Group, Inc., the Declarations of James F. Clapp, Alex Charalambous, and Brian Pullen filed with the Motion for Attorneys' Fees and Expenses, and Class Representative Incentive Awards, the Declaration of Marita M. Lauinger previously filed as Docket No. 49-1 and exhibits thereto, the Addendum to Settlement Agreement and Release of Class And Representative Action Claims previously filed as Docket No. 56, the oral argument of counsel, the pleadings and papers filed in the above-captioned matter, and such additional matters as the Court may consider.

Dated: July 17, 2024

CLAPP & LAUINGER LLP

_____
JAMES F. CLAPP
MARITA MURPHY LAUINGER
Attorneys for Plaintiffs
CHARALAMBOUS and PULLEN

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Plaintiffs Alex Charalambous and Brian Pullen ("Plaintiffs") seek final approval of this $3,125,000 non-reversionary class and representative action settlement between Plaintiffs and Defendants Liberty Mutual Insurance Company and Liberty Mutual Group Inc. ("Defendants" or "Liberty").  Plaintiffs alleged Liberty failed to sufficiently reimburse its California employees for reasonable and necessary business expenses incurred while working from home during the COVID-19 pandemic. Defendants deny liability and maintain that they satisfied their obligations under California law. The proposed settlement before this Court will resolve all of the claims between Plaintiffs and Liberty pending in this Court.

On March 15, 2024, the Court granted preliminary approval of this Settlement. Dkt. No. 59. The Preliminary Approval Order appointed ILYM Group, Inc. ("ILYM") as the Claims Administrator and approved the Class Notice and Share Form, as modified by the Addendum to Settlement Agreement. Dkt. No. 56. The Class Notice was mailed by ILYM to all 2,449 members of the Settlement Class. ILYM also emailed the Class Notice to 1,500 of those 2,449 Class members whose personal email addresses were available.  Declaration of Nathalie Hernandez ¶ 7.

Class Members had until June 21, 2024 to object, opt-out or dispute the number of workweeks indicated on their Share Form.  No class members have objected to the settlement.  Only 29 Class members, or 1.18% of the Class, have opted-out.  Assuming approval of attorneys' fees, costs, and service enhancements, class members can expect to receive an average of $818.62.  The highest recovery for class members is expected to be $1,398.72.  Hernandez Decl. ¶ 15.

The lack of objections and the low number of opt-outs supports a finding that the settlement is fair, reasonable and adequate.  As discussed more fully below, the proposed Settlement provides economic benefits and is in the best interest of the Class.

/ / /

/ / /

## II.     PROCEDURAL BACKGROUND

### A.     History of the Litigation through Preliminary Approval

On October 4, 2021, Alex Charalambous submitted a PAGA notice to the California Labor and Workforce Development Agency (LWDA). Charalambous alleged that Defendants violated Labor Code §§ 2802 and 1198 by failing to reimburse him and other aggrieved employees for all reasonable and necessary expenses incurred in direct consequence of the discharge of their duties.

On October 15, 2021, Brian Pullen and Alex Charalambous filed a Class Action Complaint in the Alameda County Superior Court alleging violations of Labor Code § 2802 and Bus. & Prof. Code § 17200 *et seq.*

On December 9, 2021, Plaintiffs filed their First Amended Complaint to add Charalambous' PAGA cause of action.

On January 12, 2022, Liberty Mutual removed the lawsuit to this Court, alleging diversity jurisdiction under the Class Action Fairness Act (CAFA) 28 U.S.C. § 1332. Plaintiffs did not oppose removal.

The Parties engaged in thorough discovery. Plaintiffs took the depositions of three corporate designees of Liberty Mutual. Plaintiffs propounded interrogatories and requests for production and reviewed more than 11,000 pages of documents produced by Liberty Mutual. Liberty Mutual deposed each plaintiff for a full-day and served written discovery on each. Dkt No. 49-1 (Lauinger Decl.) ¶ 3.

On March 1, 2023, the Parties attended a full-day mediation before the Hon. Lisa Cole (Ret.). The Parties were unable to settle the case but continued their discussions. A few days later, with Judge Cole's assistance, the Parties agreed on the amount of the settlement. Over the course of the next several months, the Parties negotiated the terms of the written settlement agreement. The Settlement was signed on October 17, 2023. Dkt No. 49-1 (Lauinger Decl.) ¶ 4.

On March 15, 2024, the Court granted preliminary approval of the settlement. Dkt. No. 59. The Court conditionally certified the Settlement Class for purposes of Settlement

only. (*Id.* at 1:24-25.) The Settlement Class is defined as: all individuals who are or were employed by Defendants and/or any Released Party in California during the Class Period, which runs from March 1, 2020, through February 28, 2023. Dkt. No. 49-1, Ex. 1 (Settlement Agreement) ¶¶ 1.35, 1.8.)

The Court appointed Plaintiffs Alex Charalambous and Brian Pullen as Class Representatives, Clapp & Lauinger LLP as Class Counsel, and ILYM Group, Inc. as Claims Administrator. The Court authorized and directed the Parties and the Claims Administrator to mail the Class Notice in accordance with the terms of the Settlement as modified by the Addendum to the Settlement Agreement. Dkt. No. 56.

### B. Settlement Administration

On April 12, 2024, Defendants provided the class data including names, last known home addresses and email addresses (if available) for each of the members of the Class to the Claims Administrator, ILYM Group, Inc. ("ILYM"). After updating the mailing addresses through the National Change of Address Database, on May 7, 2024, ILYM mailed the Class Notice to each of the 2,449 members of the Class. ILYM also emailed the Class Notice to the 1,500 members of the Class for whom an email address was available. Of the 2,449 mailed Class Notices, 34 were returned as undeliverable. ILYM obtained updated addresses for 19 of those Class Members and remailed the Notice. An additional 2 Notices were re-mailed at the request of Class Members. A total of 15 Class Notices were undeliverable. Hernandez Decl. ¶¶ 6-10.

The deadline for Class Members to dispute the number of workweeks, opt-out or object was June 21, 2024. ILYM received 29 requests for exclusion and no objections. 98.82% of the 2,449 individuals identified as Class Members are participating in the Settlement. Hernandez Decl. ¶¶ 12-14. Two Class Members submitted Share Forms disputing the number of work weeks indicated. Those disputes have been forwarded to counsel for Defendants for research and resolution. Hernandez Decl. ¶ 11.

///

///

### C. Summary of Settlement Terms

#### 1. Settlement Consideration

Liberty Mutual has agreed to pay a non-reversionary $3,125,000 Gross Settlement Amount inclusive of the Administrative Expenses, Class Counsel's Attorneys' Fees and Expenses, Incentive Awards and PAGA Payment. Dkt. No. 49-1, Ex. 1 "Settlement Agreement" ¶ 1.17.

#### 2. Class Definition

The Settlement Class is defined as "All individuals who are or were employed by Defendants and/or any Released Party in California during the Class Period." Settlement Agreement, ¶ 1.35.

The group of PAGA aggrieved employees (referred to in the Settlement as the "PAGA Settlement Class") are: "All individuals who are or were employed by Defendants and/or any Released Party in California from October 4, 2020 through February 28, 2023." Settlement Agreement, ¶ 1.26.

#### 3. Class Representatives and Class Counsel

The Class Representatives are Plaintiffs Alex Charalambous and Brian Pullen. Dkt. No. 59 at 5:25-26. Class Counsel is Clapp & Lauinger LLP. *Id.* at 59:26-27.

#### 4. Notice Procedure

After updating the database provided by Defendants through the National Change of Address database, ILYM mailed the Class Notice to each class member and emailed the Class Notice to each class member for whom an email address was available. The Class Notice included a Share Form stating the number of workweeks worked by the class member based upon Defendants' records, and an estimate of the Individual Settlement Amount to be paid to that class member. The Share Form included a space for the class member to dispute the number of workweeks stated on the form. A class member did not need to return the Share Form to receive a settlement payment; the sole purpose of the form was to allow the class member to dispute the number of workweeks. Settlement Agreement ¶ 7.1; Hernandez Decl. ¶¶ 5-6.

ILYM conducted a skip trace for any class member whose documents were returned as undeliverable. Settlement Agreement ¶ 7.1; Hernandez Decl. ¶¶ 8-9.

Class members had 45 days following the date of the initial mailing by the settlement administrator to dispute their workweeks (by returning the Share Form), request exclusion, or object to the settlement. Settlement Agreement ¶¶ 1.33, 7.1-7.4; Hernandez Decl. ¶¶ 12-13.

Approximately sixty (60) days after the mailing of the checks, a reminder postcard will be mailed to those class members who have not cashed their checks informing them that a check was mailed but has not been negotiated, the deadline to negotiate the check and the contact information for the settlement administrator if the check has not been received or is lost. Dkt. No. 56, Addendum ¶¶ 3:21-27; Hernandez Decl. ¶16.

### 5. Settlement Fund and Plan of Allocation

The Settlement agreement provides that Liberty Mutual will create a non-reversionary $3,125,000 gross settlement fund, which will pay the settlement payments to the class members, the PAGA payments to the LWDA and the aggrieved employees, and the Court-approved administration expenses, incentive awards, and attorneys' fees and costs to Class Counsel. Settlement Agreement ¶ 5.1.

In their separate motion, Class Counsel will request attorneys' fees of 30% of the settlement fund, plus reimbursement of actual litigation expenses. The Settlement permits Class Counsel to request up to 33 1/3%. Settlement ¶¶ 5.1, 5.7. At the time of preliminary approval, Class Counsel's lodestar was approximately $978,125, and their expenses were approximately $25,000. Dkt No. 49-1 (Lauinger Decl.) ¶ 6. Their lodestar has increased to approximately $998,245 and costs are $24,795.19, which includes anticipated costs of serving this motion and travel to the final approval hearing.

Since the preliminary approval hearing, the settlement administration expenses have increased from $19,500 to $20,750. The increased amount reflects the addition of providing emailed notice and mailing a reminder postcard to those who have not cashed their checks. Hernandez Decl. ¶ 14-15.

///

Five percent (5%) of the settlement fund has been allocated to settle the PAGA penalty claims. The remaining amount will be distributed to the class members on a pro rata basis based upon the number of workweeks they worked during the PAGA period. Settlement Agreement ¶ 8.1.

### III. THE SETTLEMENT MEETS THE STANDARDS FOR FINAL APPROVAL

Federal Rule of Civil Procedure 23(e) provides that any compromise of a class action must receive Court approval. The Court has broad discretion to grant such approval and should do so where the proposed settlement is "fair, adequate, reasonable, and not a product of collusion." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *Lane v. Facebook, Inc.* (9th Cir. 2012) 696 F.3d 811, 818-19 (9th Cir. 2012). In determining whether a proposed settlement should be approved, the Ninth Circuit has a "strong judicial policy that favors settlement, particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008), citing *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

In making a fairness assessment, courts generally consider: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011). Additionally, in pre-certification settlements, the Court must consider whether the settlement is a product of collusion among the negotiating parties. *Id.* at 947.

At the time of preliminary approval, the Court found the Settlement Class meets the requirements for certification under Fed. R. Civ. P. 23 for purposes of settlement only. Dkt. No. 59 at 1:24-25. The Court also considered the amount offered in settlement *Id.* at 1:28-2:14; the strength of the Plaintiffs' case and the extent of discovery completed *Id.* at 2:15-3:6; and the risk, expense, complexity and likely duration of further litigation *Id.* at 1:4-6. The

Court also found there was no evidence of collusion or sacrificing of the interests of the class in entering into the proposed settlement. *Id.* at 6-15.

Class Counsel is highly experienced and views the settlement favorably. As set forth in the Declaration of James F. Clapp, filed with Plaintiffs' Motion for Attorneys' Fees, Costs and Incentive Awards, Class Counsel has a significant amount of experience in employment class and PAGA actions involving alleged violations of the California Labor Code, including § 2802. Clapp Decl. ¶¶ 2-4; see also Dkt. No. 49-1 (Lauinger Decl.) ¶¶ 9-10.

The reaction of the Class Members supports final approval. The Class Members have reacted positively to the proposed settlement. No Class Member has objected. Only 29 Class Members out of 2,449, or 1.18%, have elected to opt out. "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *Hunt v. Bloom Energy Corp*. 2024 U.S. Dist. LEXIS 82465, *18 (N.D. Cal. May 4, 2024), *citing Nat'l Rural Telecomms. Coop. v. DIRECTTV, Inc*, 221 F.R.D. 523, 529 (C.D. Cal. 2004).

## IV.   CONCLUSION

In light of the foregoing, Plaintiffs respectfully request that the Court grant Plaintiffs' motion for final approval of the class action settlement and authorize payment to the class.

Dated: July 17, 2024

CLAPP & LAUINGER LLP

JAMES F. CLAPP
MARITA MURPHY LAUINGER
Attorneys for Plaintiffs
ALEX CHARALAMBOUS and BRIAN PULLEN