UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX CHARALAMBOUS and BRIAN PULLEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY, LIBERTY MUTUAL GROUP INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.  3:22-cv-00216-EMC<br><br>[~~PROPOSED~~] **ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARDS**<br><br>DATE:     August 22, 2024<br>TIME:     1:30 p.m.<br><br>Judge:    Hon. Edward M. Chen<br>Courtroom: 5, 17th Floor |

  This matter comes before the Court on Plaintiffs' Motion for Final Approval of Class Action and PAGA Settlement, and Motion for Attorneys' Fees, Costs and Incentive Awards. Plaintiffs allege that Defendants failed to sufficiently reimburse them and the Class of California-based Liberty Mutual employees for their reasonable and necessary business expenses incurred while working from home during the pandemic. Plaintiffs allege claims under Cal. Labor Code § 2802, Bus. & Prof. Code § 17200 *et seq.* and PAGA (Cal. Labor Code §§ 2698-2699.5.) Defendants deny liability and maintain that they have satisfied their obligations under California law. The terms of the settlement are memorialized in the Settlement Agreement and Release of Class and Representative Action Claims filed

1

concurrently with Plaintiffs' motion and the Addendum thereto ("Settlement").

## I. PRELIMINARY APPROVAL

On March 15, 2024, the Court granted preliminary approval of the settlement. See Docket No. 59. The Court found that the proposed Settlement Class meets the requirements for certification under Fed. R. Civ. P. 23 for purposes of the proposed settlement only. *Id.* at 1:24-25. The Court also found that the proposed Settlement falls within the range of reasonableness and appeared to be presumptively valid. *Id.* at 26-27. The resolution set forth in the Settlement Agreement appeared to be fair, adequate, and reasonable to the Class. *Id.* at 27-28. The Court also found that the parties established there were significant litigation risks in going forward with the litigation. *Id.* at 3:4-6.

The Court found the attorneys' fees allowed in the Settlement Agreement did not negate the presumption of fairness and that there was no evidence of collusion sacrificing the interests of the Class in entering into the proposed Settlement. The Court found no "red flags." Docket No. 59 at 3:6-8, 15-17.

The Court (1) granted preliminary approval of the Settlement; (2) conditionally certified the Settlement Class for purposes of Settlement defined in the Settlement as "All individuals who are or were employed by Defendant and/or any Released Party in California during the Class Period" from March 1, 2020 through February 28, 2023; appointed Alex Charalambous and Brian Pullen as Class Representatives, Clapp & Lauinger LLP as Class Counsel, and ILYM Group, Inc. as the Claims Administrator. Docket No. 59 at 5:22-28. The Parties and the Claims Administrator were authorized and directed to mail the Class Notice in accordance with the terms of the Settlement as modified by the Addendum to the Settlement Agreement (Docket No. 56.) *Id.* at 1-3. The Final Approval and Fairness Hearing was set for August 22, 2024 at 1:30 p.m. *Id.* at 6:4.

## II. THE CLASS NOTICE

At the time of preliminary approval the Court found that the Class Notice, as modified by Docket No. 56, clearly and concisely states, in plain, easily understood language (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv)

that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3). The class notice describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and come forward to be heard. Docket No. 59 at 5:10-19.

Following preliminary approval, the Claims Administrator received the Class data for 2,449 members of the Class from the Defendants and checked for duplicates and possible discrepancies. The Claims Administrator then processed the names and addresses against the National Change of Address Database maintained by the United States Postal Service to obtain any updated addresses. The Claims Administrator mailed the Class Notice to the 2,449 Class Members and also emailed the Class Notice to the 1,500 Class members for whom email addresses were available.

The Claims Administrator received 34 Class Notices returned as undeliverable and conducted a computerized skip trace. The Claims Administrator re-mailed 19 of those Class Notices to updated addresses. The Claims Administrator was unable to obtain updated address information for the 15 remaining Class Members whose Class Notices were undeliverable.

The Court finds the Notice and the notice procedure provided the best notice practicable, which satisfies the requirements of law and due process.

### III. THE CLASS REACTION TO THE SETTLEMENT

No Settlement Class Members have objected to the proposed settlement. Only 29 Class Members have opted out, which represents only 1.18% of the Class.

### IV. ATTORNEYS' FEES AND COSTS

The Court has considered Class Counsel's request for attorneys' fees and costs. The Court finds that an attorneys' fees award of $900,000 and reimbursement of $24,795.19 in litigation expenses are reasonable.

## V. INCENTIVE AWARDS

The Court has now considered Class Counsel's request for incentive awards. The Court finds the requested $10,000 each is a reasonable amount to compensate Alex Charalambous and Brian Pullen for their time and effort spent to protect the interest of the Class.

## VI. SETTLEMENT ADMINISTRATION FEES

At the time of preliminary approval the Parties anticipated the cost to administer the Settlement would be $19,500. After addressing the Court's concerns with the addition of emailing Class Notices to those Class Members for whom an email address was available, providing the option for Class Members to email requests for exclusion and objections, and sending a reminder postcard to Class Members who have not cashed checks before the check-cashing deadline, the cost of administration is now $20,750. The Court finds these costs to be reasonable.

## VII. PAGA PAYMENT TO THE LWDA

The Court finds that the allocation of 5% of the Settlement to Plaintiffs' PAGA claims is appropriate. The Court approves the 75% payment to the Labor and Workforce Development Agency and the 25% to be distributed to the PAGA Aggrieved employees defined as: "All individuals who are or were employed by Defendants and/or any Released Party in California from October 4, 2020 through February 28, 2023."

**IT IS HEREBY ORDERED THAT:**

1. The Motion for Final Approval of the Settlement is GRANTED.
2. Plaintiffs' motion for attorneys' fees and costs is GRANTED in the amount of $900,000 in fees and $24,795.19 in expenses.
3. Plaintiffs' motion for incentive awards is GRANTED in the amount of $10,000 for Alex Charalambous and $10,000 for Brian Pullen.
4. Settlement Administration fees in the amount of $20,750 are approved.
5. Without affecting the finality of this Final Approval Order, the Court retains jurisdiction of all matters relating to the administration and enforcement of this order and the Settlement.

6. The Parties and Claims Administrator shall carry out the terms of the Settlement Agreement and Addendum thereto.

7. The Parties shall submit to the Court a Post-Distribution Accounting by May 15, 2025.

8. The Post-Distribution Hearing is for Thursday, May 22, 2025 at 1:30 p.m. The Parties may appear by Zoom.

IT IS SO ORDERED.

DATED:   9/13/2024

_____
EDWARD M. CHEN
United States District Judge